# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS KEMPER,** | : | CIVIL ACTION NO. 1:17-CV-1833 |
| Plaintiff | : | |
| v. | : | (Chief Judge Conner) |
| **JOHN STEINHART, Corrections Health Care Administrator,** *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 4th day of March, 2019, upon consideration of the initial report (Doc. 37) and supplemental report (Doc. 37)[1] of Magistrate Judge Joseph F. Saporito, Jr., recommending the court: (1) deny the motion (Doc. 16) for preliminary injunction by *pro se* plaintiff Douglas Kemper ("Kemper") as moot; (2) find that Kemper failed to exhaust administrative remedies as to his claim against defendant Courtney Rodgers, D.O. ("Rodgers"), for deliberate indifference related to medical treatment of Kemper's toes and grant summary judgment to Rodgers to that extent; (3) dismiss Kemper's remaining deliberate indifference claims against Rodgers and defendants John Steinhart ("Steinhart") and Kimberly Minarchick ("Minarchick") for failure to state a claim for which relief may be granted; (4) grant Kemper leave

---

[1] The court declined to adopt the initial report (Doc. 37) to the extent it recommended entry of judgment on exhaustion grounds, in view of the Third Circuit's recent decision in Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), which requires a court to provide the plaintiff with notice and an opportunity to respond before resolving a factual dispute concerning administrative exhaustion. (See Doc. 39). Judge Saporito has provided the plaintiff with the requisite notice and ample opportunity to respond to the exhaustion arguments and evidence of record. (See Docs. 40, 48, 50). The balance of the initial report remains pending.

to amend; and (5) remand the matter for further proceedings, and it appearing that neither Kemper nor any defendant has objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court being in agreement with Judge Saporito's recommendation, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

1. The initial report (Doc. 37) and supplemental report (Doc. 53) of Judge Saporito, including the proposed findings of fact and conclusions of law set forth in the supplemental report, are ADOPTED in full.

2. Kemper's motion (Doc. 16) for preliminary injunction is DENIED as moot.

3. Rodgers' motion (Doc. 23) to dismiss or in the alternative for summary judgment is GRANTED as follows:

    a. The motion (Doc. 23) is GRANTED to the extent it seeks summary judgment on the issue of exhaustion of administrative remedies with respect to Kemper's toe-related claims of medical deliberate indifference.

    b. The motion (Doc. 23) is further GRANTED to the extent it seeks dismissal of the balance of Kemper's claims against Rodgers for failure to state a claim for which relief may be granted.

2

4. Steinhart and Minarchick's motion (Doc. 28) to dismiss is GRANTED to the extent it seeks dismissal of Kemper's claims against Steinhart and Minarchick for failure to state a claim for which relief may be granted.

5. The Clerk of Court is DIRECTED to enter partial judgment in favor of Rodgers and against Kemper in accordance with paragraph 3(a) above.

6. The balance of Kemper's complaint (Doc. 1) is DISMISSED without prejudice.

7. Kemper is GRANTED leave to amend the claims dismissed in paragraph 6 above within twenty (20) days of the date of this order.

8. Any amended pleading filed pursuant to paragraph 7 shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the complaint (Doc. 1) hereinabove dismissed. In the absence of a timely-filed amended complaint, the Clerk of Court will be directed to close this case.

9. This matter is REMANDED to Magistrate Judge Saporito for further proceedings.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania